UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GREGORY THOMAS GOUGH,**
                       **Petitioner**

v.                                          **Criminal Action Number**
                                                        **3:96Cr55-J**
                                                        **(3:96CV653-J)**

**UNITED STATES OF AMERICA,**
                       **Respondent**

**MEMORANDUM OPINION**

      This matter is before the Court on Mr. Gough's "Motion to Modify Sentence Pursuant to 18 U.S.C. Sec. 3582 ( c)(2)." After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the motion should not be treated as a successive Sec. 2255 petition, but is further of the opinion that the motion should be denied on the merits.

      Following a jury verdict, this Court sentenced Mr. Gough in accordance with the United States Sentencing Guidelines, and the United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. All appeals were exhausted and the matter was final in 1999. His subsequent petition pursuant to 28 U.S.C. Sec. 2255 was unsuccessful.

      Mr. Gough contends here that he should be given the benefit of a November 2000 Amendment to the United States Sentencing Guidelines ("USSG"). He invokes 18 U.S.C. Sec. 3582 ( c)(2), which provides an exception to the rule against modification of a sentence once

imposed. Modification is permitted:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States argues that the present petition is a successive Section 2255 proceeding, which requires certification from the Sixth Circuit. The government's reasoning is that Mr. Gough is actually claiming that his attorney was ineffective in failing to object to the imposition of mandatory terms on the 924 ( c) charges. The Court agrees with the hypothetical: *If* Mr. Gough were claiming that his attorney failed him by not raising the issue of the November 2000 amendment, the federal right he would be invoking would be the Sixth Amendment right to effective assistance of counsel, and it would be inappropriate for the Court to reach the substantive argument because of a procedural bar. However, the Court does not agree that the hypothetical matches the actual circumstances.

Mr. Gough filed his Sec. 2255 petition in October of 2000. It was still pending at the time of the USSG amendment he seeks to raise here (the Court denied the petition in March of 2001), but Mr. Gough did not attempt to add the issue to his petition, nor did he appeal from denial of the Sec. 2255 petition. Thus, regardless of how it is denominated, a motion that charged ineffective assistance of counsel at the sentencing phase of a case would be in the nature of a Sec. 2255 challenge, and it would require certification from the United States Circuit Court of Appeals for the Sixth Circuit.

The Court believes that "ineffective assistance" is *not*, in fact, the argument Mr. Gough

has made. Indeed, the Court admits to some difficulty in comprehending how an attorney could be viewed as ineffective in failing to seek the benefits of a USSG amendment that had not even been proposed at the time of the original sentence. Instead of presenting a Sixth Amendment claim, Mr. Gough is simply asking for his sentence to be revised to what it would have been had he been sentenced after November 2000. Consequently, the Court is of the opinion that this is not a successive petition which requires Circuit Court permission, and that it is appropriate to reach the merits of the claim.

     Mr. Gough admitted robbing nine banks, stating that he used a real firearm in two of those robberies and a realistic-looking BB gun in the other seven. He rejected a plea agreement (which his attorney recommended he accept) and the United States "threw the book at him," charging him with nine counts of bank robbery (under 18 U.S.C. Sec. 2113(a)), nine counts of assault (because he placed lives in jeopardy by the use of a dangerous weapon in each robbery), and nine counts of using a firearm during a crime of violence (under Sec. 924 ( c)). Since 924 ( c) carries a mandatory minimum consecutive sentence, there is no question that the mandatory imprisonment upon his conviction of all twenty-seven counts was staggering. The sole question here is whether sentence was illegal. Mr. Gough believes that his sentence was improperly enhanced due to a prohibited consideration of the use of firearms. The United States, however, contends that the USSG amendment Mr. Gough raises here would not have assisted him even if it had been in effect at the time of this sentence.

     Effective November 1, 2000, the Sentencing Commission adopted Amendment 599, an explicitly retroactive amendment that modified the USSG applicable to § 924 ( c) offenses, U.S.

Sentencing Guidelines Manual § 2K2.4, cmt. n. 2 (2000); USSG § 1B1.10(a) & ( c)).[1] The amended application note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense..... [I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. Sec. 924 ( c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. Sec. 924 ( c) conviction.

USSG § 2K2.4, cmt. n. 2 (2000).

The United States points out that Amendment 599 was adopted to prevent "double punishment" for a single offense. Thus, if a defendant were convicted of a particular offense, and also convicted of a Sec. 924 offense based on the same transaction, it would be inappropriate both to add "points" to the underlying offense characteristic calculation and to allow conviction of the 924 offense. This would be improper because it would be punishing the defendant twice for the same "brandishing a firearm" conduct. The United States argues that this did not occur in Mr. Gough's case; no points were added to the "offense characteristic calculation" with regard to the underlying bank robberies. In order to accept Mr. Gough's argument (and view 300 months as the maximum term of imprisonment), it would be necessary to simply disregard the Sec. 924 convictions (and their mandatory consecutive minimum terms). Amendment 599 is solely a sentence calculation consideration, and it does not permit a Court to eliminate jury convictions. In this case, the jury convicted Mr. Gough of nine counts of violation of Sec. 924. Each count carried a mandatory term of imprisonment of five years, each term consecutive to the others.

---

[1] This adoption was made pursuant to 28 U.S.C. § 994( o), as required by 18 U.S.C. § 3582(c)(2).

4

The Court agrees with the United States that Mr. Gough would not have benefitted from application of Amendment 599. The severe sentence of imprisonment he received did not result from double counting, but from the mandatory consecutive sentences resulting from Sec. 924 convictions.

An order in conformity has this day entered.