UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:96-CR-55-CRS

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

GREGORY GOUGH                                                                      DEFENDANT

## **MEMORANDUM OPINION & ORDER**

This matter is before the Court on the motion of defendant Gregory Gough ("Gough") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Motion, DN 209. Gough was convicted on eleven counts of armed robbery and is serving a 2067-month sentence. Judgment and Commitment Order, DN 93. Gough argues that a sentence reduction is warranted due to the unusual length of his sentence, his age, and his efforts at rehabilitation. Motion, DN 209; Reply, DN 217. The United States opposed Gough's motion, arguing that U.S.S.G. § 1B1.13(b)(6), upon which Gough relies, is invalid and that Gough's age and rehabilitation are not extraordinary and compelling reasons justifying a reduction. Response, DN 216. The United States is correct on each point.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *U.S. v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) grants courts that authority subject to a showing of "extraordinary and compelling circumstances." Gough argues that as a result of the First Step Act, the sentence he is currently serving is far greater than the one that would be imposed were he sentenced today. Motion, DN 209 at PageID# 660-62. While the First Step Act is non-retroactive, the Sentencing Commission has determined that non-retroactive changes in law may constitute extraordinary and compelling circumstances "where such change

would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." U.S.S.G. § 1B1.13(b)(6). But since Gough filed his motion, the Sixth Circuit has held that the Sentencing Commission exceeded its authority in enacting that provision. *U.S. v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Thus, the non-retroactive changes in law cited by Gough cannot be construed as extraordinary and compelling circumstances for the purpose of a sentence reduction. *Id.*

The other circumstances Gough offers to support a sentence reduction—his age and rehabilitation—were previously considered and rejected by the Court. As the Court explained, a mere statement of age is insufficient; a defendant must also show serious age-related medical issues. Opinion, DN 187 at PageID# 505-06 (citing U.S.S.G. § 1B1.13 cmt. n.1). Gough has not done so. And Congress has explicitly stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994. Accordingly, Gough has not shown extraordinary and compelling circumstances such that a sentence reduction would be warranted. The Court will thus deny his motion.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Gregory Gough's Motion for Compassionate Release (DN 209) is **DENIED**.

May 23, 2025



Charles R. Simpson III, Senior Judge
United States District Court

2